B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**EFIH FINANCE INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):  **None** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **27-0918038** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Energy Plaza**<br>**1601 Bryan Street**<br>**Dallas, Texas**<br><div align=right>ZIP CODE **75201**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align=right>ZIP CODE</div> |
| County of Residence or of the Principal Place of Business:  **Dallas** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align=right>ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align=right>ZIP CODE</div> |

| Location of Principal Assets of Business Debtor (if different from street address above):<br><div align=right>ZIP CODE</div> |
|---|

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other: **Energy** | ☐ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☒ Chapter 11        Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                          Nonmain Proceeding |

| Chapter 15 Debtors<br><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under the title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☒ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                                              Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** EFIH FINANCE INC. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:  **See attached Schedule 1** | Case Number: | Date Filed: |
| District:  **District of Delaware** | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| ☐     Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>     Signature of Attorney for Debtor(s)      (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐     Yes, and Exhibit C is attached and made a part of this petition. |
| ☒     No, and Exhibit C is attached with further comments. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☐     Exhibit D, completed and signed by the debtor, is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐     Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** (Check any applicable box.) |
|---|
| ☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☒     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.) |
|---|
| ☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord) |
| ☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1) (04/13)                                                                                                    Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>EFIH FINANCE INC. |
|---|---|

| **Signatures** | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   _____<br>   Telephone Number (if not represented by attorney)<br><br>   _____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   _____<br>   (Printed Name of Foreign Representative)<br><br>   _____<br>   Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X */s/ Daniel J. DeFranceschi*<br>   Signature of Attorney for Debtor(s)<br><br>   **Daniel J. DeFranceschi (No. 2732)**<br>   Printed Name of Attorney for Debtor(s)<br><br>   **Richards, Layton & Finger, P.A.**<br>   Firm Name<br><br>   **920 North King Street, Wilmington, DE 19801**<br>   Address<br><br>   **(302) 651-7700**<br>   Telephone Number<br><br>   APRIL 29 2014<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   _____<br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>   _____<br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br>   **Anthony R. Horton**<br>   Printed Name of Authorized Individual<br>   **Senior Vice President and Treasurer**<br>   Title of Authorized Individual<br>   APRIL 29, 2014<br>   Date | _____<br>   Address<br><br>X _____<br>   Signature<br><br>   _____<br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Energy Future Holdings Corp.

- Energy Future Holdings Corp.
- 4Change Energy Company
- 4Change Energy Holdings LLC
- Big Brown 3 Power Company LLC
- Big Brown Lignite Company LLC
- Big Brown Power Company LLC
- Brighten Energy LLC
- Brighten Holdings LLC
- Collin Power Company LLC
- Dallas Power & Light Company, Inc.
- DeCordova II Power Company LLC
- DeCordova Power Company LLC
- Eagle Mountain Power Company LLC
- EBASCO SERVICES OF CANADA LIMITED
- EEC Holdings, Inc.
- EECI, Inc.
- EFH Australia (No. 2) Holdings Company
- EFH CG Holdings Company LP
- EFH CG Management Company LLC
- EFH Corporate Services Company
- EFH Finance (No. 2) Holdings Company
- EFH FS Holdings Company
- EFH Renewables Company LLC
- EFIH FINANCE INC.
- Energy Future Competitive Holdings Company LLC
- Energy Future Intermediate Holding Company LLC
- Generation Development Company LLC
- Generation MT Company LLC
- Generation SVC Company
- Lake Creek 3 Power Company LLC
- Lone Star Energy Company, Inc.
- Lone Star Pipeline Company, Inc.
- LSGT Gas Company LLC
- LSGT SACROC, Inc.
- Luminant Big Brown Mining Company LLC
- Luminant Energy Company LLC
- Luminant Energy Trading California Company
- Luminant ET Services Company
- Luminant Generation Company LLC
- Luminant Holding Company LLC
- Luminant Mineral Development Company LLC
- Luminant Mining Company LLC
- Luminant Renewables Company LLC
- Martin Lake 4 Power Company LLC
- Monticello 4 Power Company LLC
- Morgan Creek 7 Power Company LLC
- NCA Development Company LLC
- NCA Resources Development Company LLC
- Oak Grove Management Company LLC
- Oak Grove Mining Company LLC
- Oak Grove Power Company LLC
- Sandow Power Company LLC
- Southwestern Electric Service Company, Inc.
- TCEH Finance, Inc.
- Texas Competitive Electric Holdings Company LLC
- Texas Electric Service Company, Inc.
- Texas Energy Industries Company, Inc.
- Texas Power & Light Company, Inc.
- Texas Utilities Company, Inc.
- Texas Utilities Electric Company, Inc.
- Tradinghouse 3 & 4 Power Company LLC
- Tradinghouse Power Company LLC
- TXU Electric Company, Inc.
- TXU Energy Receivables Company LLC
- TXU Energy Retail Company LLC
- TXU Energy Solutions Company LLC
- TXU Receivables Company
- TXU Retail Services Company
- TXU SEM Company
- Valley NG Power Company LLC
- Valley Power Company LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EFIH FINANCE INC., | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 27-0918038 | ) | |

## EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

- The Debtor or other of its affiliated entities filing petitions herewith (collectively, the "Debtors") have been and are currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors and the Debtors have also been and are currently engaged in remediation efforts at certain real property owned or possessed by the Debtors. The Debtors do not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EFIH FINANCE INC., | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 27-0918038 | ) | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Energy Future Intermediate Holding Company LLC | 100% |

### DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned authorized signatory of EFIH FINANCE INC., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: April 29 , 2014

_____
Anthony R. Horton
Senior Vice President and Treasurer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EFIH FINANCE INC., | ) | Case No. 14-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| Tax ID: 27-0918038 | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| EFIH FINANCE INC. | Energy Future Intermediate Holding Company LLC | Energy Plaza 1601 Bryan Street Dallas, Texas 75201 | 1,000 shares of common stock issued and outstanding |

## DECLARATION UNDER PENALTY OF PERJURY

I, Anthony R. Horton, the undersigned signatory of EFIH FINANCE INC., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: APRIL 29 , 2014

_____
Anthony R. Horton
Senior Vice President and Treasurer

## EFIH FINANCE INC. (THE "COMPANY")
## BOARD OF DIRECTORS RESOLUTIONS
## APRIL 28, 2014

**Item 1.  Restructuring Update**

Effective as of this 28th day of April 2014, the members constituting a majority of the votes of a quorum of the board of directors (the "Board of Directors") of EFIH FINANCE INC., a Delaware corporation (the "Company"), took the following actions and adopted the following resolutions:

*Chapter 11 Filing*

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

*Restructuring Support Agreement*

WHEREAS, some members of the Board of Directors are members of the boards of other companies that would be released under the terms of the Restructuring Support Agreement (as defined herein) and related documents;

WHEREAS, members of the Board of Directors would also be released under the Restructuring Support Agreement and related documents;

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Restructuring Support Agreement contemplated by this resolution have been disclosed to them or are otherwise known to them, as contemplated by Section 144 of the Delaware General Corporation Law (the "DGCL") or the Company's governing documents, to the extent applicable;

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of Section 144 of the DGCL, or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Restructuring Support Agreement and related documents and has recommended that each be approved;

WHEREAS, the members of the Board of Directors acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by Section 144(a)(3) of the DGCL or the Company's governing documents, to the extent applicable;

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain restructuring support and lockup agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting interest holders substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Restructuring Support Agreement.

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions").

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*Retention of Professionals*

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton, & Finger, P.A. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards, Layton, & Finger, P.A.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Evercore Partners, Inc. as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Evercore Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal North America, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Filsinger Energy Partners, Inc. as energy consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Filsinger Energy Partners, Inc.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KPMG LLP as accounting and tax advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Towers Watson & Co. as compensation consultants to represent and assist the

Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Towers Watson & Co.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as internal auditing advisor and information security consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as tax auditing advisors and information technology consultants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

*Cash Collateral and Adequate Protection*

RESOLVED, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Collateral"), which is security for the prepetition lenders (collectively, the "Secured Lenders") party to:

(a) that certain indenture (the "EFIH First Lien 2017 Notes Indenture") and all other loan and security documents (including, without limitation, the "Security Documents" as defined in the EFIH First Lien 2017 Notes Indenture) related to, referenced in, or executed in connection with the EFIH First Lien 2017 Notes Indenture, dated August 14, 2012, for the 6.875% senior secured first lien notes (the "EFIH First Lien 2017 Notes") due August 15, 2017, by and among the Company and Energy Future Intermediate Holding Company LLC ("EFIH"), as issuers, and CSC Trust Company of Delaware ("CSC"), as successor indenture trustee (the "EFIH First Lien Notes Trustee") to The Bank of New York Mellon Trust Company, N.A. ("BNY"); and

(b) that certain indenture (the "EFIH First Lien 2020 Notes Indenture" and, together with the EFIH First Lien 2017 Notes Indenture, the "EFIH First Lien Notes Indentures") and all other loan and security documents (including, without limitation, the "Security Documents" as defined in the EFIH First Lien 2020 Notes Indenture) related to, referenced in, or executed in connection with the EFIH First Lien 2020 Notes Indenture, dated August 17, 2010, for the 10.00% senior secured first lien notes (the "EFIH First Lien 2020 Notes" and, together with the EFIH First Lien 2017 Notes, the "EFIH First Lien Notes")

4

due December 1, 2020, by and among the Company and EFIH, as issuers, and the EFIH First Lien Notes Trustee as successor indenture trustee to BNY.

RESOLVED, that in order to use and obtain the benefits of the Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "First Lien DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms and provisions of the First Lien DIP Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the First Lien DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the First Lien DIP Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the First Lien DIP Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent (herein defined) to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the First Lien DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the First Lien DIP Order.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to

perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the First Lien DIP Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*Debtor-in-Possession Financing*

RESOLVED, that the Company, as debtor and debtor in possession under the Chapter 11 Cases shall be, and hereby is, authorized by the Board of Directors to: (a) undertake any and all transactions contemplated in the Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "First Lien DIP Credit Agreement") among the Company and EFIH, as the Borrowers, the various lenders from time to time parties thereto as Lenders (the "First Lien DIP Lenders"), Deutsche Bank AG New York Branch, as Collateral Agent and Administrative Agent (the "First Lien DIP Agents") for the First Lien DIP Lenders, the other Joint Lead Arrangers (the "First Lien DIP Joint Lead Arrangers") party thereto, and other parties thereto, on substantially the terms and subject to the conditions described at this meeting and as set forth in the First Lien DIP Credit Agreement or as may hereafter be fixed or authorized by the Board of Directors or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) undertake any and all transactions contemplated in the Second Lien Subordinated Secured Debtor-in-Possession Note Purchase Agreement (the "Second Lien DIP Note Purchase Agreement" and, together with the EFIH First Lien DIP Credit Agreement, the "DIP Agreements") among the Company and EFIH, as the Co-Issuers, the lending institutions from time to time parties thereto as Purchasers (the "Second Lien DIP Purchasers" and, together with the First Lien DIP Lenders, the "DIP Lenders"), the Administrative Agent and Collateral Agent party thereto (the "Second Lien DIP Agent" and, together with the First Lien DIP Agent, the "DIP Agents") for the Second Lien DIP Purchasers, on substantially the terms and subject to the conditions described at this meeting and as set forth in the Second Lien DIP Note Purchase Agreement or as may hereafter be fixed or authorized by the Board of Directors or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (c) borrow funds from, request the issuance of letters of credit, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such DIP Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (d) execute and deliver and to cause the Company to incur and perform its obligations under the DIP Agreements and the Financing Transactions; (e) finalize the DIP Agreements and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board of Directors; and (f) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions.

RESOLVED, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Agreements, the "Credit Documents" (as defined in First Lien DIP Credit Agreement), and the "Note Documents" (as defined in the Second Lien DIP Note Purchase Agreement) (collectively, the "DIP Documents"), any Secured Cash Management Agreements, any agreements with any Letter of Credit Issuer, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars and any agreements with any entity (including governmental authorities) requiring

or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Agreements) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Documents) that may be contemplated by, or required in connection with, the DIP Agreements, the DIP Documents and the Financing Transactions (collectively with the DIP Documents, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Agreements and DIP Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof.

RESOLVED, that the form, terms and provisions of the DIP Agreements and each of the other DIP Documents be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file the DIP Agreements and each of the DIP Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Authorized Officers and each other officer of the Company be, and each of them hereby are, authorized and empowered to authorize each of the DIP Agents to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that each of the DIP Agents deems necessary or convenient to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as each of the DIP Agents may reasonably request to perfect the security interests of each of the DIP Agents on behalf of itself, the DIP Lenders and the other secured parties under the DIP Documents.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board of Directors, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Agreements or any of the other DIP Documents or any of the DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof.

RESOLVED, that the Company will obtain benefits from the incurrence of the loans under the DIP Agreements by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Agreements and the DIP Documents and the transactions under the DIP Financing Documents, which are necessary and convenient to the conduct, promotion and attainment of the business of the Company.

RESOLVED, that the First Lien DIP Commitment Letter and First Lien DIP Fee Letter, each dated as of the date presented to the Board of Directors, among the First Lien DIP Joint Lead Arrangers and the Company, and any other documents or agreements executed in connection therewith are hereby in all respects approved and ratified as the true acts and deeds of the Company and the forms, terms and provisions and the Authorized Officers' execution of the same are in all respects approved and authorized.

RESOLVED, that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the applicable DIP Agreement.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

# EFIH FINANCE INC.
## ASSISTANT SECRETARY'S CERTIFICATION

The undersigned, Betty R. Fleshman, Assistant Secretary of EFIH FINANCE INC. (the "Company"), a Delaware corporation, hereby certifies as follows:

1. I am the duly qualified and elected Assistant Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolution of the board of directors of the Company (the "Board of Directors"), duly adopted at a properly convened meeting of the Board of Directors on April 28, 2014, by the members constituting a majority of the votes of a quorum of the directors there present, in accordance with the bylaws of the Company.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of Directors relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 28th day of April, 2014.

Betty R. Fleshman,
Assistant Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-_____ (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records with trade claim balances from multiple dates no earlier than March 31, 2014, and debt claim balances estimated to reflect principal and accrued interest through April 28, 2014. The Consolidated List has been prepared for filing in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (2) deficiency claims of secured creditors. No creditor listed herein is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, the information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 1 | LAW DEBENTURE TRUST COMPANY OF NEW YORK<br>Attn:   Frank Godino - Vice President<br>Addr:   400 Madison Avenue - Suite 4D<br>       New York, NY 10017<br>       USA<br>Phone:  (646) 747-1251<br>Fax:    (212) 750-1361<br>Email:  frank.godino@lawdeb.com<br><br>-- and --<br><br>Patterson Belknap Webb & Tyler LLP<br>Re:    Law Debenture Trust Company<br>       of New York<br>Attn:   Daniel A. Lowenthal - Counsel<br>       1133 Avenue of the Americas<br>       New York, NY 10036<br>       USA<br>Phone:  (212) 336-2720<br>Fax:    (212) 336-1253<br>Email:  dalowenthal@pbwt.com | Unsecured Debt | Unliquidated | $5,505,163,811 |
| 2 | AMERICAN STOCK TRANSFER AND TRUST COMPANY, LLC<br>Attn:   Paul Kim - General Counsel<br>Addr:   6201 15TH Avenue<br>       Brooklyn, NY 11219<br>       USA<br>Phone:  (718) 921-8183<br>Fax:    (718) 331-1852<br>Email:  pkim@Amstock.com<br><br>--and--<br><br>Nixon Peabody LLP<br>Re:  American Stock Transfer and Trust<br>       Company, LLC<br>Attn:   Amelia M. Charamba - Counsel<br>Addr:   100 Summer Street<br>       Boston, MA 02110<br>       USA<br>Phone:  (617) 345-1041<br>Fax:    (866) 244-1527<br>Email:  acharamba@nixonpeabody.com | Unsecured Debt | Unliquidated | $2,565,874,358 |

---

[2]    With respect to any trade claim for which the creditor was the beneficiary of a letter of credit, the amounts listed herein are net of any outstanding letters of credit.

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 3 | UMB BANK, N.A.<br>Attn:    Laura Roberson - Vice President<br>Addr:    2 South Broadway<br>        Suite 600<br>        St Louis, MO  63102<br>        USA<br>Phone:   (314) 612-8484<br>Fax:     (314) 612-8499<br>Email:   laura.roberson@UMB.com<br><br>--and--<br><br>Foley & Lardner, LLP<br>Re:  UMB Bank, N.A.<br>Attn:    Harold L Kaplan, Mark F Hebbeln -<br>        Counsel<br>Addr:    321 N Clark Street, Suite 2800<br>        Chicago, IL  60654<br>        USA<br>Phone:   (312) 832-4393, (312) 832-4394<br>Fax:     (312) 832-4700<br>Email:   hkaplan@foley.com,<br>        mhebbeln@foley.com | Unsecured Debt | Unliquidated | $1,649,363,974 |
| 4 | THE BANK OF NEW YORK MELLON TRUST COMPANY<br>Attn:    Rafael Martinez - Vice President -<br>        Client Service Manager<br>Addr:    601 Travis Street<br>        Houston, TX  77002<br>        USA<br>Phone:   (713) 483-6535<br>Fax:     (713) 483-6954<br>Email:   rafael.martinez@bnymellon.com<br><br>--and--<br><br>The Bank of New York Mellon Trust Company<br>Attn:    Thomas Vlahakis - Vice President<br>Addr:    385 Rifle Camp Road<br>        3rd Floor<br>        Woodland Park, NJ 07424<br>        USA<br>Phone:   (973) 247-4742<br>Fax:     (713) 483-6954 | Unsecured Debt | Unliquidated | $891,404,403 |
| 5 | HOLT CAT<br>Attn:    Michael Puryear - General Counsel<br>Addr:    3302 S W.W. White Rd<br>        San Antonio, TX  78222<br>        USA<br>Phone:   (210) 648-1111<br>Fax:     (210) 648-0079<br>Email:   michael.puryear@holtcat.com | Trade | Unliquidated | $11,400,000 |

3

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 6 | ADA CARBON SOLUTIONS (RED RIVER ENVIRONMENTAL PRODUCTS)<br>Attn:    Peter O. Hansen - General Counsel<br>Addr:    1460 W. Canal Court<br>         Littleton, CO  80120<br>         USA<br>Phone:   (303) 962-1977<br>Fax:     (303) 962-1970<br>Email:   peter.hansen@ada-cs.com;<br>         info@ada-cs.com | Trade | Unliquidated | $10,508,908 |
| 7 | FLUOR GLOBAL SERVICES<br>Attn:    Carlos M. Hernandez - Executive<br>         Vice President, Chief Legal Officer<br>         and Secretary<br>Addr:    6700 Las Colinas Blvd<br>         Irving, TX  75039<br>         USA<br>Phone:   (469) 398-7000<br>Fax:     (469) 398-7255<br>Email:   carlos.hernandez@fluor.com | Trade | Unliquidated | $9,283,826 |
| 8 | BNSF RAILWAY COMPANY<br>Attn:    Roger Nober - Executive VP, Law<br>         and Corporate Affairs<br>Addr:    2650 Lou Menk Drive<br>         Fort Worth, TX  76131<br>         USA<br>Phone:   (817) 352-1460<br>Fax:     (817) 352-7111<br>Email:   roger.nober@bnsf.com | Trade | Unliquidated | $8,353,152 |
| 9 | HCL AMERICA INC<br>Attn:    Raghu Raman Lakshmanan - General<br>         Counsel<br>Addr:    330 Potrero Avenue<br>         Sunnyvale, CA  94085<br>         USA<br>Phone:   (408) 523-8331<br>Fax:     (408) 733-0482<br>Email:   rlakshmanan@hcl.com | Trade | Unliquidated | $8,137,238 |
| 10 | SHAW MAINTENANCE (CB&I)<br>Attn:    Richard E. Chandler, Jr. - President<br>         and Chief Executive Officer<br>Addr:    c/o CB&I - One CB&I Plaza<br>         2103 Research Forest Drive<br>         The Woodlands, TX  77380<br>         USA<br>Phone:   (832) 513-1000<br>Fax:     (832) 513-1094<br>Email:   richard.chandler@cbi.com | Trade | Unliquidated | $6,900,000 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 11 | WESTINGHOUSE ELECTRIC CO LLC<br>Attn:   Mike Sweeney - Senior Vice President & General Counsel Legal & Contracts<br>Addr:   1000 Westinghouse Drive, Suite 572A Cranberry Township, PA  16066 USA<br>Phone:   (724) 940-8323<br>Fax:   (724) 940-8518<br>Email:   holtsa@westinghouse.com | Trade | Unliquidated | $4,607,855 |
| 12 | CENTERPOINT ENERGY HOUSTON<br>Attn:   Mark Schroeder  - Senior Vice President and Deputy General Counsel<br>Addr:   1111 Louisiana Street Houston, TX  77002 USA<br>Phone:   (713) 207-7053<br>Fax:   (713) 207-9233<br>Email:   mark.schroeder@centerpointenergy.com | Trade | Unliquidated | $3,433,868 |
| 13 | ASHER MEDIA INC<br>Attn:   Kalyn Asher - President<br>Addr:   15303 Dallas Parkway, Suite 1300 Addison, TX  75001 USA<br>Phone:   (214) 580-8750<br>Fax:   (972) 732-1161<br>Email:   kalyn@ashermedia.com | Trade | Unliquidated | $3,292,625 |
| 14 | MINE SERVICE LTD<br>Attn:   Keith Debault - President<br>Addr:   855 E US Highway 79 Rockdale, TX  76567 USA<br>Phone:   (512) 446-7011<br>Fax:   (512) 446-7195<br>Email:   keithdebault@msirockdale.com | Trade | Unliquidated | $2,703,008 |
| 15 | COURTNEY CONSTRUCTION INC<br>Attn:   Karlos Courtney - Owner<br>Addr:   2617 US Hwy 79N Carthage, TX  75633 USA<br>Phone:   (903) 694-2911<br>Fax:   (903) 694-2921<br>Email:   karloscourtney@courtneyconstruction.com | Trade | Unliquidated | $2,640,695 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 16 | SIEMENS POWER GENERATION INC<br>Attn:  Christopher Ranck - Vice President and General Counsel<br>Addr:  4400 N Alafaya Trl<br>       Orlando, FL  32826<br>       USA<br>Phone:  (407) 333-2476<br>Fax:  (972) 550-2101<br>Email:  chris.ranck@siemens.com | Trade | Unliquidated | $2,487,807 |
| 17 | BRAKE SUPPLY CO INC<br>Attn:  David Koch - CEO & President<br>       5501 Foundation Blvd<br>       Evansville, IN  47725<br>       USA<br>Phone:  (812) 467-1000<br>Fax:  (812) 429-9425<br>Email:  sales@brake.com | Trade | Unliquidated | $2,450,000 |
| 18 | HYDROCARBON EXCHANGE CORP.<br>Attn:  R Scott Hopkins - President<br>Addr:  5910 N. Central Expy.<br>       STE 1380<br>       Dallas, TX  75206<br>       USA<br>Phone:  (214) 987-0257<br>Fax:  (214) 987-0670<br>Email:  msavage@hydrocarbonexchange.com | Trade | Unliquidated | $2,370,303 |
| 19 | SECURITAS SECURITY SERVICES USA<br>Attn:  Sonia Jasman - President<br>       2 Campus Drive<br>       Parsippany, NJ  07054-4400<br>       USA<br>Phone:  (973) 267-5300<br>Fax:  (973)-397-2491<br>Email:  contact@securitasinc.com | Trade | Unliquidated | $2,274,827 |
| 20 | TRANSACTEL INC<br>Attn:  Guillermo Montano - Chief Executive Officer<br>Addr:  18 Calle 25-85 Z.10<br>       Torre Transactel Pradera<br>       Guatemala City,<br>       Guatemala<br>Phone:  011 502 2223-0000<br>Fax:  011 502 2223 0004<br>Email:  gmontano@transactel.net | Trade | Unliquidated | $2,191,210 |

6

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 21 | MERICO ABATEMENT CONTRACTORS INC<br>Attn:  Mike Merritt - President<br>Addr:  201 Estes Dr<br>        Longview, TX  75602-6100<br>        USA<br>Phone:  (903) 757-2656<br>Fax:    (903) 757-8864<br>Email:  Mike@Merritt.net | Trade | Unliquidated | $2,016,224 |
| 22 | ALCOA<br>Attn:  Max W. Laun - Vice President and General Counsel<br>Addr:  201 Isabella Street<br>        Pittsburgh, PA  152195858<br>        USA<br>Phone:  (412) 553-4569<br>Fax:    (412) 553-4064<br>Email:  max.laun@alcoa.com | Trade | Unliquidated, Disputed, Subject to setoff | $1,793,501 |
| 23 | AUTOMATIC SYSTEMS INC<br>Attn:  Michael Hoehn - President<br>        9230 East 47th Street<br>        Kansas City, MO  64133<br>        USA<br>Phone:  (816) 356-0660<br>Fax:    (816) 356-5730<br>Email:  michael.hoehn@asi.com | Trade | Unliquidated | $1,724,583 |
| 24 | RANGER EXCAVATING LP<br>Attn:  Jack Carmody - President<br>Addr:  5222 Thunder Creek Road<br>        Austin, TX  78759<br>        USA<br>Phone:  (512) 343-9613<br>Fax:    (512) 343-9618<br>Email:  jack.carmody@rangerexcavating.com | Trade | Unliquidated | $1,630,396 |
| 25 | GRAINGER<br>Attn:  John L. Howard - General Counsel<br>Addr:  100 Grainger Pkwy<br>        Lake Forest, IL  60045<br>        USA<br>Phone:  (847) 535-1000<br>Fax:    (847) 535-0878<br>Email:  john.howard@grainger.com | Trade | Unliquidated | $1,618,371 |
| 26 | WARFAB<br>Attn:  Malcolm Clevenstine - President and CEO<br>Addr:  607 Fisher Rd<br>        Longview, TX  75604<br>        USA<br>Phone:  (903) 295-1011<br>Fax:    (903) 295-1982<br>Email:  info@warfabinc.com | Trade | Unliquidated | $1,566,782 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 27 | AMECO INC<br>Attn:  Gary Bernardez - President<br>Addr:  2106 Anderson Road<br>    Greenville, SC  29611<br>    USA<br>Phone:  (864) 295-7800<br>Fax:  (864) 295-7962<br>Email:  gary.bernardez@ameco.com | Trade | Unliquidated | $1,517,134 |
| 28 | CAPGEMINI NORTH AMERICA INC<br>Attn:  Isabelle Roux-Chenu -<br>    International Legal Affairs<br>Addr:  623 Fifth Ave 33rd Floor<br>    New York, NY  10022<br>    USA<br>Phone:  (212) 314-8000<br>Fax:  (212) 314-8001<br>Email:  isabelle.roux-<br>    chenu@capgemini.com | Trade | Unliquidated | $1,481,812 |
| 29 | TEXAS-NEW MEXICO POWER COMPANY<br>Attn:  Patrick Apodaca - Senior Vice<br>    President, General Counsel,<br>    Secretary<br>Addr:  414 Silver Avenue SW<br>    Albuquerque, NM  87102-3289<br>    USA<br>Phone:  (505) 241-2700<br>Fax:  (505) 241-4311<br>Email:  patrick.apodaca@tnmp.com | Trade | Unliquidated | $1,456,189 |
| 30 | GENERATOR & MOTOR SERVICES INC<br>Attn:  President<br>Addr:  601 Braddock Ave<br>    Turtle Creek, PA 15145<br>    USA<br>Phone:  (412) 829-7500<br>Fax:  (412) 829-1692 | Trade | Unliquidated | $1,400,000 |
| 31 | PERFORMANCE CONTRACTING INC<br>Attn:  Chuck William - SVP & General<br>    Counsel<br>Addr:  16400 College Blvd<br>    Lenexa, KS  66219<br>    USA<br>Phone:  (913) 888-8600<br>Fax:  (913) 492-8723<br>Email:  info@pcg.com | Trade | Unliquidated | $1,399,234 |
| 32 | BENCHMARK INDUSTRIAL SERVICES<br>Attn:  Mike Wilcox - Owner<br>Addr:  2100 State Highway 31 E<br>    Kilgore, TX  75662<br>    USA<br>Phone:  (903) 983-2951<br>Fax:  (903) 984-0982<br>Email:  mwilcox@benchmarkisi.com | Trade | Unliquidated | $1,389,644 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 33 | PIERCE CONSTRUCTION INC<br>Attn:  Kenneth Pierce - Owner<br>Addr:  4324 State Hwy 149<br>  Beckville, TX  75631<br>  USA<br>Phone:  (903) 678-3748<br>Fax:  (903) 678-3896<br>Email:  kenneth@pierceconstructioninc.com | Trade | Unliquidated | $1,357,107 |
| 34 | RYAN PARTNERSHIP (FORMERLY SOLUTIONSET)<br>Attn:  Mary Perry - President<br>Addr:  440 Polaris Parkway<br>  Westerville, OH  43082<br>  USA<br>Phone:  (614) 844-3973<br>Fax:  (614) 436-6640<br>Email:  mary.perry@ryanpartnership.com | Trade | Unliquidated | $1,305,595 |
| 35 | TEAM EXCAVATING<br>Attn:  Wayne Yost, Owner - President<br>Addr:  815 N Main Street<br>  Wrens, GA  30833<br>  USA<br>Phone:  (706) 547-6554<br>Fax:  (706) 547-6553<br>Email:  wyost@teamexcavatingco.com | Trade | Unliquidated | $1,266,986 |
| 36 | SITEL LLC<br>Attn:  David Beckman - General Counsel<br>Addr:  3102 West End Avenue<br>  Nashville, TN  37203<br>  USA<br>Phone:  (615) 301-7100<br>Fax:  (615) 301-7252<br>Email:  david.beckman@sitel.com | Trade | Unliquidated | $1,262,603 |
| 37 | TPUSA<br>Attn:  John Warren May - Chief Legal Officer<br>Addr:  1991 South 4650 West<br>  Salt Lake City, UT  84104<br>  USA<br>Phone:  (801) 257-5811<br>Fax:  (801) 257-6246<br>Email:  john.may@teleperformance.com | Trade | Unliquidated | $1,236,218 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 38 | KANSAS CITY SOUTHERN RAILWAY (KCS)<br>Attn: William Wochner - Chief Legal Officer<br>Addr: 427 West 12th Street<br>Kansas City, MO 64105<br>USA<br>Phone: (816) 983-1303<br>Fax: (816) 783-1501<br>Email: wwochner@kcsouthern.com | Trade | Unliquidated | $1,231,792 |
| 39 | HEADWATERS RESOURCES INC<br>Attn: Harlan M. Hatfield - Vice President, Secretary & General Counsel<br>Addr: 10701 S River Front Parkway Suite 300<br>South Jordan, UT 84095<br>USA<br>Phone: (801) 984-9400<br>Fax: (801) 984-9410<br>Email: hhatfield@headwaters.com | Trade | Unliquidated | $1,215,760 |
| 40 | TRENT WIND FARM L.P.<br>Attn: President or General Counsel -<br>Addr: Trent Wind Farm 1423 CR 131<br>Trent, TX 79561<br>USA<br>Phone: (614) 583-7035<br>Fax: (614) 583-1691<br>Email: clmcgarvey@aep.com | Trade | Unliquidated | $1,188,168 |
| 41 | LOWER COLORADO RIVER AUTHORITY<br>Attn: Phil Wilson - General Manager<br>Addr: Transmission Services Corp<br>Austin, TX 78703<br>USA<br>Phone: (512) 473-3200<br>Fax: (512) 578-3520<br>Email: general.manager@lcra.org | Trade | Unliquidated | $1,167,381 |
| 42 | FRISCO CONSTRUCTION SERVICES<br>Attn: Clay Thomas - Chief Executive Officer<br>Addr: 9550 John W. Elliott Drive, Suite 106<br>Frisco, TX 75033<br>USA<br>Phone: (214) 975-0808<br>Fax: (214) 975-0811<br>Email: cthomas@friscocs.com | Trade | Unliquidated | $1,097,597 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 43 | CRANE NUCLEAR INC<br>Attn:     President or General Counsel<br>Addr:    2825 Cobb International Blvd NW<br>            Kennesaw, GA  30152<br>            USA<br>Phone:  (770) 429-4600<br>Fax:      (770) 429-4750<br>Email:   cinfo@cranevs.com | Trade | Unliquidated | $1,062,900 |
| 44 | AEP TEXAS NORTH COMPANY<br>Attn:     Mr. Charles R. Patton - President<br>            and Chief Operating Officer<br>Addr:    1 Riverside Plaza<br>            Columbus, OH  43215-2372<br>            USA<br>Phone:  (614) 716-1000<br>Fax:      (614) 716-1823<br>Email:   Mmiller@apgellc.com | Trade | Unliquidated | $1,032,018 |
| 45 | J & S CONSTRUCTION LLC<br>Attn:     Jeff Grodel - Owner<br>Addr:    10823 N US Highway 75<br>            Buffalo, TX  75831<br>            USA<br>Phone:  (903) 322-4942<br>Fax:      (903) 322-1940 | Trade | Unliquidated | $969,154 |
| 46 | FL SMIDTH AIRTECH INC<br>Attn:     Mark Brancato - General Counsel<br>Addr:    Cement Projects Americas<br>            2040 Avenue C<br>            Bethlehem, PA  18017<br>            USA<br>Phone:  (610) 264-6011<br>Fax:      (610) 264-6170<br>Email:   Mark.Brancato@flsmidth.com | Trade | Unliquidated | $945,329 |
| 47 | NORTHEAST TEXAS POWER LTD<br>Attn:     David Petty - President<br>Addr:    3163 Fm 499<br>            Cumby, TX  75433<br>            USA<br>Phone:  (903) 994-4200<br>Fax:      (903) 994-2747<br>Email:   petty@northeasttexaspower.com | Trade | Unliquidated | $853,744 |
| 48 | TAGGART GLOBAL LLC<br>Attn:     John Luke - General Counsel & Corp.<br>            Secretary<br>Addr:    c/o Forge Group Ltd<br>            4000 Town Center Boulevard<br>            Canonsburg, PA  15317<br>            USA<br>Phone:  (724) 754-9800<br>Fax:      (724) 754-9801<br>Email:   Info@forgegroup.com | Trade | Unliquidated | $828,978 |

| | Name of creditor, complete mailing address, and employee, agent, or department of creditor familiar with claim | Nature of claim | Contingent, unliquidated, disputed, or subject to setoff | Amount of claim[2] |
|---|---|---|---|---|
| 49 | DATA SYSTEMS & SOLUTIONS LLC (ROLLS ROYCE)<br>Attn:     Miles Cowdry - President<br>              Rolls-Royce Civil Nuclear<br>Addr:     994-A Explorer Blvd<br>              Huntsville, AL  35806<br>              USA<br>Phone:    (800) 632-5126<br>Fax:       (317) 230-4699<br>Email:    Miles.Cowdry@rolls-royce.com | Trade | Unliquidated | $822,000 |
| 50 | PENSION BENEFIT GUARANTY CORPORATION<br>Attn:     Israel Goldowitz - Office Of The<br>              Chief Counsel<br>Addr:     1200 K Street, NW<br>              Washington, DC  20005-4026<br>              USA<br>Phone:    (202) 326-4020<br>Fax:       (202) 326-4112<br>Email:    Goldowitz.Israel@pbgc.gov | Pension | Contingent, Unliquidated | Unknown |

12

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Anthony R. Horton, the duly qualified and authorized signatory of Energy Future Holdings Corp., declare under penalty of perjury that I have reviewed the foregoing list of creditors holding unsecured claims and that it is true and correct to the best of my information and belief.

Dated: April 29, 2014

Anthony R. Horton
Treasurer